# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE E. SILVA,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

    *Respondents*.

2:17-cv-02149-GMN-CWH

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (ECF No. 2) for appointment of counsel and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

    While the pauper application was denied with regard to payment of the filing fee, the financial exhibits submitted with the application otherwise establish petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A.

    Following review, the Court finds that appointment of counsel is in the interests of justice.

    On a superficial review, it might appear initially that petitioner had inserted within the body of the federal petition a handwritten proper person appellate brief from the state post-conviction appeal in order to state his federal claims. (See ECF No. 1-1, at 3-20.) As such, the incorporated possible state court filing would tend to suggest that petitioner had a more than adequate ability to articulate his legal position in proper person with the resources available to him. However, petitioner was represented by counsel on the state post-conviction

appeal. Further review reflects that the material inserted in the federal petition instead is a near-verbatim handwritten transcription of the typewritten appellant's opening brief filed instead by state post-conviction appeal counsel in the state appellate courts on March 3, 2017, with certain minor changes to reflect the different procedural context.[1] Rather than reflecting petitioner's capability to adequately present his position, the incorporation of the material physically transcribed without any apparent discernment as to what appropriately should have been included in a federal habeas petition instead raises a question as to petitioner's capability in that regard.[2]

The Court accordingly finds that appointment of counsel is in the interests of justice given, *inter alia*, the question presented on the current record as to petitioner's ability to adequately present his position in proper person, the lengthy aggregate sentencing structure including two consecutive sentences of 10 years to life each, and the complexity of the potential procedural and substantive issues presented.

IT THEREFORE IS ORDERED that, the filing fee having been paid, the Clerk of Court shall file the petition.[3]

/ / / /

---

[1] The Court takes judicial notice of the online docket records of the state district court and the state appellate courts. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the respective state courts may be accessed from:
https://www.clarkcountycourts.us/Anonymous/default.aspx
https://nvcourts.gov/Supreme/

[2] Moreover, it is not clear from the federal petition what claims are being pursued in the petition. The transcribed material refers to substantive Grounds 1 through 8 from the state post-conviction petition as to which it is acknowledged (as per the actual state court brief) that the grounds properly were procedurally barred. (ECF No. 1-1, at 9-11.) The material otherwise argues an unnumbered single ground alleging that petitioner was denied effective assistance of appellate counsel because counsel did not challenge the trial court's denial of petitioner's motion to suppress on direct appeal. On the exhaustion inquiry page in the federal petition, petitioner states: "Only Ground One was raised on direct appeal[;] Grounds 2 thru 9 was on first and only Petition." (ECF No. 1-1, at 21.) This latter statement is consistent with the law of the case doctrine being applied to state Ground 1, a procedural bar being applied to state Grounds 2 through 8, and Ground 9 being the ineffective-assistance claim. However, it otherwise is not necessarily clear from the transcribed material what claims are being pursued on federal habeas review and, further, what additional factual allegations support any claims that are being pursued over and above the ineffective-assistance claim.

[3] The filing of the petition does not signify that the petition is free of deficiencies. The original petition is being filed in anticipation of the filing of a counseled amended petition.

1 IT FURTHER IS ORDERED that petitioner's motion (ECF No. 2) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred twenty (120) days following entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

/ / / /

-3-

The Clerk further shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED: December 27, 2017

_____
Gloria M. Navarro
Chief United States District Judge