# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE E. SILVA,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

    *Respondents*.

2:17-cv-02149-GMN-CWH

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon the Federal Public Defender's entry of an appearance together with petitioner's motion (ECF No. 09) for leave to file a first amended petition and motion (ECF No. 10) requesting a scheduling order permitting petitioner to file a second amended petition.

The motions collectively seek to pursue a "two-step" procedure whereby petitioner: (a) files an initial counseled amended petition preserving all then-known claims potentially free of possible relation-back issues; and (b) thereafter potentially files a second amended petition after petitioner's newly-appointed federal habeas has had a full opportunity to independently investigate all potential claims. The Court expressly has authorized such a two-step procedure in prior cases, and it does so here. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014)(approving and explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).

The two-step procedure may be appropriate also in circumstances where the federal limitation period perhaps may only recently have putatively expired and counsel is seeking to cabin the period of time as to which equitable tolling may need to be sought. As noted below, the Court expresses no opinion as to the putative expiration date of the limitation period in this case.

IT THEREFORE IS ORDERED that the Federal Public Defender, through Megan C. Hoffman, Esq., is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that petitioner's motion (ECF No. 9) for leave to file a first amended petition is GRANTED and that the Clerk of Court shall file the first amended petition (ECF No. 9-1).

IT FURTHER IS ORDERED that the Clerk shall file the exhibits submitted with the amended petition in a manner most convenient to the Clerk, which potentially may include leaving the exhibits docketed where they currently are with ECF No. 9.

IT FURTHER IS ORDERED that petitioner's motion (ECF No. 10) for a scheduling order is granted consistent with the remaining provisions of this order.

IT FURTHER IS ORDERED that petitioner shall have until up to and including **ninety (90) days** from entry of this order within which to file a second amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that: (a) respondents shall not be required to respond to the first amended petition at this time, but that (b) respondents shall file a response to the petition, as then amended, either within **sixty (60) days** of service of a second amended petition if filed or instead within **sixty (60) days** of the final expiration of the time to do so if petitioner does not file a second amended petition; and (c) petitioner may file a reply within thirty **(30) days** of service. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by the local rules.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Reno Clerk's Office.

DATED: December 29, 2017

_____
Gloria M. Navarro
Chief United States District Judge

-3-