|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | JOSE E. SILVA, | Case No. 2:17-cv-02149-APG-DJA |
| 4 | Petitioner, | **ORDER** |
| 5 | v.<br>BRIAN WILLIAMS, et al., | (ECF No. 26) |
| 6 | Respondents. | |

Petitioner Jose E. Silva, a Nevada prisoner represented by counsel, has filed this habeas corpus proceeding under 28 U.S.C. § 2254. The respondents have moved to dismiss the petition. ECF No. 26. Silva has opposed, and Respondents have replied. ECF Nos. 34, 36. I grant the motion in part.

**Background**[1]

*State Proceedings*

Silva challenges a conviction imposed by the state district court for Clark County, Nevada ("state court"). In May 2009, he was initially charged with multiple financial crimes as well as burglary and theft. ECF No. 9-6. Following a two-day trial in September 2010, a jury found Silva guilty of the following charges: four counts of burglary; two counts of theft; three counts of fraudulent use of credit or debit card; one count of possession of credit or debit card without cardholder's consent; one count of attempted theft; and one count of attempted fraudulent use of credit or debit card. ECF Nos. 9-34. The state court entered a judgment of conviction on February 14, 2011. ECF No. 9-50.

---

[1] This procedural history is derived from the exhibits located at ECF Nos. 9, 20, 27, 28, 29, and 35 of the court's docket.

Silva appealed. On direct appeal, he argued (1) the state court erred by allowing him to proceed *pro se* because the court conducted an inadequate canvass under *Faretta v. California*, 422 U.S. 806 (1975), and failed to inquire whether he understood available defenses to his crimes, violating his right to counsel and a fair trial; and (2) the state court failed to properly exercise its statutory discretion in sentencing Silva as a habitual criminal because three of the felonies supporting the enhancement were remote and he posed no threat to society. ECF No. 9-60. The Supreme Court of Nevada affirmed the convictions in September 2012. ECF No. 9-63. Silva sought rehearing and *en banc* consideration, which was denied on December 19, 2012. ECF Nos. 9-64, 9-66, 9-67. Remittitur issued the following month. ECF No. 9-68.

Silva filed a *pro se* state post-conviction petition for habeas corpus relief on December 4, 2013. ECF No. 9-73. He later filed a counseled supplement to his state petition. ECF No. 9-77. The state court denied the petition in May 2016. ECF No. 9-80. Silva appealed. He filed a counseled opening brief raising one issue: whether he received effective assistance of counsel on direct appeal because appellate counsel failed to challenge the state court's denial of a suppression motion. ECF No. 9-84 at 21, 25–37. The Nevada Court of Appeals affirmed the state court's ruling, and remittitur issued on September 12, 2017. ECF Nos. 9-86, 9-87.

***Federal Habeas Proceedings***

On August 7, 2017, Silva initiated this federal habeas corpus proceeding *pro se* and requested permission to proceed *in forma pauperis*. ECF No. 1. Chief Judge Navarro found that Silva was able to pay the $5.00 filing fee and allowed 30 days for him to do so. ECF No. 4. He timely paid the filing fee so his original *pro se* Petition for Writ of Habeas Corpus (ECF No. 8) ("original petition") was filed on the docket.

On December 27, 2017, Chief Judge Navarro provisionally appointed the Federal Public Defender ("FPD") as Silva's counsel. ECF No. 7. The FPD promptly requested leave to file an amended petition as well as a special scheduling order, which were granted. ECF Nos. 9, 10, 12 (granting permission to use a bifurcated amendment procedure, which authorized Silva to file a second amended petition once counsel had a full opportunity to investigate all potential claims). The First Amended Petition (ECF No. 13) was filed on December 29, 2017.

On September 21, 2018, Silva filed a counseled Second Amended Petition (ECF No. 19), alleging two grounds for relief:

Ground 1: Silva's right to counsel and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments were violated when the state court allowed Silva to proceed *pro se*.

Ground 2: Silva's right to the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments was violated when appellate counsel failed to appeal the state court's denial of Silva's motion to suppress the unlawful search of his hotel room.

The respondents now move to dismiss the second amended petition as untimely or unexhausted.

**Ground 1 Does Not Relate Back to the Original Petition**

*A. Legal Standard*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254. The period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). 28 U.S.C. § 2244(d)(1)(A).

3

Statutory tolling of the limitation period occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). No tolling is allowed for the time period between finality of the appeal and the filing of a state court petition for post-conviction relief or other collateral review, because no state court application is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999). No statutory tolling is allowed for the period between the finality of an appeal and the filing of a federal petition. *Id.* at 1007.

In ordinary civil proceedings, the Federal Rules of Civil Procedure[2] require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). A pleading must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quotation omitted)). In federal habeas proceedings, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") "requires a more detailed statement," as it "instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground'." *Mayle v. Felix*, 545 U.S. 644, 649 (2005).

Congress has authorized amendments to habeas petitions consistent with the Rules. *Id.* (citing 28 U.S.C. § 2242). Under Rule 15, an amendment to a pleading filed after the statute of limitations has expired properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting

---

[2] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

4

the original and newly asserted claims." *Mayle*, 545 U.S. at 659. New claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id.* at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

### *B. Analysis*

As an initial matter, I note that the original petition was timely filed but the amended petitions were not. Silva's direct appeal ended when his petition for *en banc* consideration was denied on December 19, 2012. ECF No. 9-67. The 90-day period for Silva to file a petition for certiorari expired March 19, 2013. The AEDPA limitation period began running after that date, and 259 days elapsed until he filed the state habeas petition on December 4, 2013.[3] ECF No. 9-73. Under § 2244(d)(2), the filing deadline was statutorily tolled until September 12, 2017, when remittitur issued on the state habeas appeal. ECF No. 9-87. The clock restarted the following day. Absent any other tolling or delayed accrual, the AEDPA limitation period expired 106 days later on December 27, 2017. The original petition was timely filed as this case was initiated in August 2017. However, the First Amended Petition (ECF No. 13) was filed on December 29, 2017—two days past the AEDPA deadline. As such, Ground 1 of the second amended petition must relate back to the original petition to be considered timely.

---

[3] The parties jointly assert that the limitation period expired on December 26, 2017, and 260 days elapsed. These calculations appear are off by one day. *See* Fed. R. Civ. P. 6(a); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

5

The respondents contend that Ground 1 arises from a new and different core of operative facts than the original petition because the original petition did not allege any substantive claim or factual allegations regarding the constitutionality of Silva's *Faretta* canvas or self-representation at trial. The respondents argue that, because Silva filed his amended petitions after the expiration of AEDPA's one-year limitation period, and because Ground 1 does not relate back to the single claim Silva alleged in the original petition, Ground 1 should be dismissed as untimely.

Silva counters that Ground 1 is the same claim as "ground (A)(1)" of the original petition; thus, it was timely raised. In the alternative, Ground 1 relates back to what he attempted to plead in his original petition. Silva argues he included a lengthy discussion about why the state court erred in finding his claim was waived and cited to Nevada law. This purportedly shows that he wanted federal habeas review of the underlying claim if permitted by law. Silva asserts that a liberal construction of the original petition shows he attempted to raise his direct appeal claim but was uncertain whether he could do so.

Ground 1 of the second amended petition cannot be the same claim as "ground (A)(1)" of the original petition because ground (A)(1) did not allege a claim for relief. Unless an issue of federal constitutional or statutory law is implicated by the facts presented, there is no cognizable claim under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Mayle*, 545 U.S. at 655 (Habeas Rule 2(c) "is more demanding" than Rule 8(a), mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important") (internal citation omitted)); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a claim is facially plausible when the pleading allows the court to draw a reasonable inference that the plaintiff is entitled to relief).

Here, the original petition largely copied the opening brief submitted in the state habeas appeal. *Compare* ECF No. 8 *with* ECF No. 9-84. In both documents, the "Argument" heading states, "Petitioner did not receive the effective assistance of counsel on appeal," and the "Section A" heading states, "A Number of Claims Raised in Appellant's Petition Are Waived." ECF Nos. 8 at 9–11; ECF No. 9-84 at 21–25. Both documents quote the state court's ruling that Silva waived grounds 1 through 8 of his state habeas petition. *Id.* Specifically, with regard to ground 1, both documents quote the state court:

> In Ground 1 of Defendant's Petition, he alleges he was denied his rights to due process, fair trial, and reliable sentence because the trial court erred in allowing him to proceed pro se. This issue was already raised on appeal and thus, this Court finds that the law of the case doctrine precludes review. Hall v. State, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975).

ECF Nos. 8 at 10; ECF No. 9-84 at 22–23 (quoting ECF No. 9-80 at 5). Both documents conclude their respective sections by stating, "it appears that grounds 1-8 of Silva's Petition are precluded by NRS 34.810(1)(b)(2),[4] and the exceptions described in In Re Yates, [296 P.3d 872, 880 (Wash. 2013)], are not applicable." ECF Nos. 8 at 11; ECF No. 9-84 at 25.

The identical summaries of the state court's ruling stated in the opening brief and copied into the original petition did not facially allege legal error. They provided context and procedural history. It is clear that grounds 1-8 of Silva's state petition were not asserted in his habeas appeal. The sole issue raised in the habeas appeal was whether Silva received effective assistance of counsel on direct appeal. ECF No. 9-84 at 25–37. The Nevada Court of Appeals

---

[4] NRS § 34.810(1)(b)(2) provides that a state district court shall dismiss a petition if the court determines that the petitioner's conviction was the result of a trial and the grounds for the petition could have been "[r]aised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief."

7

also recognized this as Silva's only argument. ECF No. 9-86 at 2. The original petition did not add facts or analysis to the information copied from the opening brief. Even with a liberal construction of the *pro se* pleading, I cannot reasonably infer that Silva recited the state court's ruling to invoke federal habeas review. Because "ground (A)(1)" was not an actionable habeas claim, it cannot be the same claim as Ground 1 of the second amended petition.

Additionally, Ground 1 does not relate back to the original petition. There can be no relation back to a non-claim. Silva's reference to the state court's decision did not allege all claims discussed therein for purposes of relation back.

In a final argument regarding Ground 1, Silva seeks unspecified "tolling" for two days to deem the first amended petition timely filed. He argues that counsel was diligent in filing the amendment within 24 hours of appointment, and neither counsel nor Silva had control over the timing of the appointment. The respondents contend that Silva is not entitled to equitable tolling because his own lack of diligence used up a majority of the one-year limitation period before he filed his federal petition. Equitable tolling is appropriate only if a petitioner can show: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Silva has not met this high threshold. He did not to identify any "extraordinary circumstance" or his own actions demonstrating diligence. Thus, equitable tolling is not appropriate.

Because the only claim alleged in the original petition was whether Silva received effective assistance of counsel on direct appeal, Ground 1 will be dismissed with prejudice.

**Ground 2 is Exhausted**

    *A. Legal Standard*

    A habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

    *B. Analysis*

    The respondents claim that Ground 2 was not fairly presented to the Nevada Court of Appeals and should therefore be dismissed as unexhausted. In Ground 2, Silva alleges that his right to the effective assistance of counsel was violated when counsel for the direct appeal, Mario Valencia, failed to appeal the state court's denial of Silva's motion to suppress the search of his

hotel room. The respondents acknowledge that Silva raised Ground 2 in his opening brief in the state habeas appeal, but they argue Ground 2 is unexhausted because he presented the claim in a procedurally improper manner by failing to provide necessary supporting documents. Silva's appendix did not include copies of the suppression motion, the state court's ruling, or trial transcripts, and these deficiencies precluded analysis. ECF No. 9-86 at 3. As a result, the respondents claim that the Nevada Court of Appeals did not have a fair opportunity to consider the merits of Silva's claim.

Silva responds that the missing records did not deprive the Nevada Court of Appeals of an opportunity to consider his claim. He concedes that his appendix was deficient, but he argues that the deficiency does not render the claim unexhausted because he presented the relevant facts and law of his claim in his opening brief. Citing a recent decision in *Hernandez v. LeGrand*, 3:17-cv-00697-MMD-WGC, ECF No. 29 (June 4, 2019 Order denying Respondents' motion to dismiss), Silva maintains this was all federal law requires for exhaustion. The Nevada Court of Appeals had the authority to compel Silva's counsel for the habeas appeal, Carmine Colucci, to remedy the incomplete appendix but opted not to do so. Regardless, because Ground 2 was presented in his brief, the appellate court was not denied a fair opportunity to address the merits.

Silva also notes that the state court did not issue a written order denying the suppression motion, and the only record of the ruling is the minutes for September 15, 2010. ECF No. 35-1. The FPD attempted to obtain a transcript of the proceedings but was unsuccessful. ECF Nos. 35-3, 35-4, 35-5, 35-6. The FPD has learned that the court reporter responsible for this date had her license revoked in 2013. ECF No. 35-2. The FPD is uncertain whether Mr. Valencia attempted to obtain a transcript but it does not appear so based on the transcript requests.

The respondents' reply contends that this case is distinguishable from *Hernandez*. There, the petitioner merely failed to include copies of his state petitions in the appellate record, but the documents were available in both the state and federal habeas cases. The respondents argue that here it was "Silva's failure to include the bench orders and transcripts from his 2010 trial which prevented the appellate court from reaching the merits of the claim." ECF No. 36 at 5. Years later, the FPD has discovered that the transcripts will be virtually impossible to obtain.

Silva has sufficiently exhausted Ground 2. Supreme Court precedent requires habeas petitioners to present their habeas claims to a state court in "a petition or a brief (or a similar document)." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see also Castillo*, 399 F.3d at 999 (stating that a petitioner must present his claim "within the four corners of his appellate briefing"). The respondents cite no specific authority—binding or otherwise—supporting their argument that Silva's failure to provide a complete appendix to a state appellate court renders his claim unexhausted.[5] This case is indistinguishable from *Hernandez*. The respondents do not contend that Silva's appellate brief was deficient, or that he fundamentally altered the substance of his federal claim. Because Silva sufficiently described the factual and legal basis for his claim in his appellate brief, the deficiency in his appendix did not deprive the Nevada Court of Appeals of a fair opportunity to act on his claims. Accordingly, Ground 2 is exhausted.

**IT IS THEREFORE ORDERED:**

1. The respondents' Motion to Dismiss **(ECF No. 26) is GRANTED IN PART AND DENIED IN PART**.

2. Ground 1 of the Second Amended Petition (ECF No. 19) is dismissed with prejudice

---

[5] As a practical matter, the lack of relevant transcripts could affect the merits of Silva's claim, but it does not change the exhaustion analysis.

11

as untimely.

3. The respondents must file an answer to Ground 2 of the Second Amended Petition within 60 days of this order. Silva will have 30 days from service of the answer to file a reply.

DATED: August 21, 2019.

                                        _____
                                        ANDREW P. GORDON
                                        UNITED STATES DISTRICT JUDGE